STATE, *ex rel.* L. & L. FREIGHT LINES, INC., v. W. B. DOUGLASS, as Chairman and a member of, Eugene S. Matthews, as a member of, and Jerry W. Carter, as a member of the Florida Railroad Commission.

169 So. 389.
Opinion Filed May 13, 1936.
Rehearing Denied July 14, 1936.

*Leo P. Kitchen* and *Dan R. Schwartz,* for Relator;
*Theo T. Turnbull,* for Respondents.

DAVIS, J.—The relator, L. & L. Freight Lines, Inc., filed an application with the Florida Railroad Commission for a common carrier's Certificate of Public Convenience and Necessity to operate from Atlanta, Georgia, to Tallahassee, Florida, over State Highway No. 10, from the Georgia-Florida state line to Tallahassee, thence over State Highway No. 19, from Tallahassee to Ocala, thence to Dunnellon and to Tampa over U. S. Highway No. 41; and also to operate from Tallahassee to Live Oak over State Road No. 1, and from Tallahassee to Marianna over State Highway No. 1. The date of the filing was October 8, 1935. For the purposes of this decision, we shall consider it as established that the application is in due form and was properly lodged with the respondent Railroad Commission.

On October 22, 1935, the application was amended by adding thereto a route from Marianna south over State Road No. 6 through Port St. Joe, thence East over State Road No. 10 through Apalachicola, Carrabelle, Crawfordville and Woodville to Tallahassee.

The Railroad Commission declined to take jurisdiction of either the original application or the amendment, refused to cash relator's check for $50.00 tendered as a filing fee, and announced its position to be that no hearing would be had upon either the application or the amendment.

The case is now before this Court pursuant to an alternative writ of mandamus issued commanding and requiring the respondent Railroad Commissioners to grant to the relator petitioner a Certificate of Public Convenience and Necessity to engage in the business of a common carrier in interstate commerce by motor vehicles over the highways of the State of Florida described in said writ, or to show cause why they should not be required so to do.

By the terms of the Federal Motor Carrier Act of 1935 (49 U. S. C. A., Secs. 301-327), the Interstate Commerce Commission has now become vested with sole and exclusive jurisdiction to grant Certificates of Public Convenience and Necessity to motor common carriers engaged exclusively in interstate commerce. Such Act was signed by the President of the United States and became a law on August 9, 1935, the effective date of same having been postponed until October 1, 1935.

With respect to the issuance or denial of Certificates of Public Convenience and Necessity for the operation of motor vehicles in interstate commerce under the Federal Motor Carrier Act of 1935, the assumption of control over the subject matter by the Interstate Commerce Commission under the Act began with the date of the approval of the Congressional Act on August 9, 1935, and not from the date such Act may become operative. Northern Pacific R. Co. v. Washington, *ex rel.* Atkinson, 222 U. S. 370, 56 L. Ed. 237, 32 Sup. Ct. Rep. 160; Erie R. Co. v. People of the State of New York, 233 U. S. 671, 34 Sup. Ct. Rep. 756, 58 L. Ed. 1149.

On October 8, 1935, the Railorad Commission of Florida was without the right or authority to entertain relator's application for the issuance of a Certificate of Public Convenience and Necessity for an exclusively interstate motor carrier operation until the propriety of the issuance of same

had first been submitted to and passed upon by the Interstate Commerce Commission of the United States. See: State, *ex rel.* R. C. Motor Lines v. Florida Railroad Commission, decided March 28, 1936, 123 Fla. 345, 166 Sou. Rep. 840.

The holding of this Court in the last cited case is that, since the enactment of the Federal Motor Carrier Act of 1935 Congress has vested in the Interstate Commerce Commission of the United States sole and exclusive jurisdiction to investigate and determine the necessity for an interstate motor carrier operation, that it is possessed of exclusive authority to initially grant a Certificate of Public Convenience and Necessity to engage in such exclusive motor carriage operation. This being true, the Railroad Commission has no jurisdiction whatsoever in the matter of granting or denying applications for Certificates of Public Convenience and Necessity for exclusively interstate motor carrier operations until the interstate motor carrier applicant shall have first applied for and obtained from the Interstate Commerce Commission a Federal Certificate of Public Convenience and Necessity for the operation of motor vehicles exclusively in interstate commerce. In the last mentioned instance the Railroad Commission of Florida, after the award of a Certificate of Public Convenience and Necessity by the Interstate Commerce Commission, is required to grant to a carrier upon proper application therefor a State Certificate which will enable the Florida Railroad Commission to enforce against the interstate operation all of the police regulations applicable to the same which are required to be enforced pursuant to the terms of the State law in the premises.

In the present case no showing is made that the relator has ever obtained from the Interstate Commerce Commis-

sion any certificate or other express or implied official recognition whatsoever of its alleged status as an interstate operator of common carrier motor vehicles of the character, and over the routes, described in relator's application that the Railroad Commissioners have refused to recognize or take any official action upon, as charged in the alternative writ.

It follows, from what has been said, that the relator is without standing to compel by judicial process the performance of an official act on the part of the Florida Railroad Commission that would be in derogation of the Federal law now applicable to the interstate motor carriers. Therefore, the motion to quash the alternative writ of mandamus is granted and the proceeding dismissed.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., concurs in the conclusion.