## GRIER et ux. v. TRI–STATE TRANSIT CO. et al.

### No. 342–Civ. A.

District Court, W. D. Louisiana, Shreveport Division.

Dec. 12, 1940.

Douglas W. McGregor and Brian S. Odem, both of Houston, Tex., and Booth & Lockard, of Shreveport, La., for plaintiffs.

E. W. & P. N. Browne and Charles B. Emery, all of Shreveport, La., for defendants.

PORTERIE, District Judge.

Mrs. Grier, a resident and a citizen of the state of Oregon, while a passenger on one of the busses of the defendant motor transit company and while traveling from Shreveport, La., to Meridian, Miss., was injured near Rayville, Richland parish, La., as the result of a traffic accident, when the

bus she occupied collided neglectfully with an automobile going in the opposite direction. Her individual claim is in the round sum of $25,000 for "permanent and severe injuries, including pain and suffering, past, present and future." She is joined by her husband in the action, who claims for himself a total of $35,833.54, itemized, as follows:

| | |
|---|---:|
| Doctor bills | $ 1,515.00 |
| Hospital bills | 496.60 |
| Nurses' bills | 1,057.00 |
| Drug bills | 86.94 |
| X-rays | 30.00 |
| Future Medical bills | 2,500.00 |
| Loss of wages | 228.00 |
| Board for children | 120.00 |
| Loss of trunk | 500.00 |
| Mental pain and anguish | 10,000.00 |
| Household help (not necessary heretofore) $300.00 per year | 9,300.00 |
| Loss of wife's society and consortium | 10,000.00 |
| or a total of | $35,833.54 |

The two plaintiffs, wife and husband, make not only the Tri-State Transit Company, Inc., a Louisiana corporation, engaged in and duly authorized to engage in interstate and foreign commerce as a common carrier by motor vehicle of passengers and their baggage, a defendant, but join the American Fidelity & Casualty Company, a Virginia corporation, authorized to do business in Louisiana, as a codefendant, on the point that it has issued a policy and contract of liability insurance in favor of the Tri-State Transit Company, insuring and indemnifying against any and all liability resulting by reason of the negligent operation of the bus in which Mrs. Grier was riding at the time of the accident.

The plaintiffs allege in another paragraph of their petition "That the said policy and contract of insurance provides, inter alia, that the said American Fidelity & Casualty Company *will pay any final judgment rendered against the Transit Company to any third person injured or damaged as a result of the negligent operation of the bus in which your petitioner was riding,* and that said insurance company is therefore a proper party defendant herein pursuant to Act 55 of the General Assembly of the State of Louisiana for the year 1930." (Italics supplied.)

The Tri-State Transit Company, Inc., and the American Fidelity & Casualty Company move that the two items "mental pain and anguish, $10,000.00" and "loss of wife's society and consortium, $10,000.-00" be expunged from the petition because they "are not recoverable under the laws of the State of Louisiana, and are therefore immaterial and impertinent in this cause."

On the same day, September 3, 1940, both defendants, the motor carrier and its insurer, moved for a bill of particulars as to the item of $500 for a trunk and its contents, as to the item of $228 for wages and salary lost by husband-plaintiff, and as to the item of $9,300 for household help, "not necessary heretofore."

Subsequently, on November 6, 1940, the two defendants filed what they term an "amended motion to strike, and motion to dismiss." The expunction of the two items of $10,000 each is again urged, based on the same reasons as heretofore. Then followed a motion to dismiss the American Fidelity & Casualty Company from the case as a defendant, because the contract of liability insurance between the two defendants bears the following endorsement: "The Company hereby agrees to pay any final judgment recovered against the insured for bodily injury to or the death of any person, or loss of or damage to property of others * * *, resulting from the negligent operation, maintenance or use of the motor vehicle under Certificate of Public Convenience and Necessity or permit issued to the insured by the Interstate Commerce Commission or otherwise under the Motor Carrier Act of 1935 within the limits of liability hereinafter provided, regardless of whether such motor vehicles are specifically described in the policy or not. It is understood and agreed that upon failure of the Company to pay any such final judgment recovered against the insured, the judgment creditor may maintain an action in any court of competent jurisdiction against the Company to compel such payment."

An additional paragraph of the motion to dismiss explains that plaintiffs in their petition show that the Tri-State Transit Company, Inc., is an interstate carrier and, consequently, that the "Motor Carrier Act, 1935" applies (49 Stat. 543; 49 U.S.C.A. §§ 301–327). In particular, Section 315 thereof is stressed, reading, in part, as follows: "No certificate or permit shall be issued to a motor carrier or remain in force, unless such carrier complies with such reasonable rules and regulations

as the Commission shall prescribe governing the filing and approval of surety bonds, * * * in such reasonable amount as the Commission may require, conditioned to pay * * * any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles under such certificate or permit, or for loss or damage to property of others. * * * "

Briefs have been filed and we have to rule.

No disagreement exists on the points (a) that the Tri-State is engaged in interstate commerce as a common carrier of passengers, (b) that the American Fidelity & Casualty Company is obligated to pay any final judgment herein against the Tri-State.

We rule, however, that Act 55 of 1930 for the state of Louisiana (the direct action statute) is not applicable. The Louisiana act cannot either affect or control the Motor Carrier Act, 1935. It never had that purpose. The federal act gives exclusive jurisdiction to the Interstate Commerce Commission. Constitution of the United States, Article I, Section 8; Southwestern Greyhound Lines v. Railroad Comm. of Texas, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235; State ex rel. L. & L. Freight Lines, Inc. v. Douglass, 124 Fla. 579, 169 So. 389.

We quote from 49 U.S.C.A. § 301, note 6: "Congressional legislation upon any phase of interstate commerce supersedes all state regulation in the same field, and if Congress, by enactment of this chapter, took over entire supervision and control of interstate transportation by motor vehicles, in deference to federal statute, state regulation of such commerce would be unenforceable and invalidated. Maurer v. Boardman, 1939, 336 Pa. 17, 7 A.2d 466."

■ Accordingly, we must grant the motion to dismiss the civil action herein against the American Fidelity & Casualty Company, without prejudice, however, to its institution later, should the final judgment herein be against the Tri-State Transit Company, Inc.

■ This is held, after giving full consideration to the plea of plaintiffs that the defendant, having appeared in its motions to strike and for more particulars, may not now urge its motion to dismiss, on the ground that such appearance is a waiver of the point now urged. Rules of Civil Procedure, 28 U.S.C.A. following section 723c, rule 12(g). The motion to dismiss is based on plaintiffs' "failure to state a claim upon which relief can be granted" against the American Fidelity & Casualty Company, Rules of Civil Procedure, 12(b) (6). A reading and study have been made of Rule 12 from (a) to (h), both inclusive. Rule 12(h) (1) controls this situation: "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, except (1) that the defense of failure to state a claim upon which relief can be granted, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits * * *."

Should the court rule otherwise, it would avail naught, because the same point would resurge in the answer and the insuring company would be eliminated as a party defendant before trial, on the face of the pleadings.

■ The two items of $10,000 each, claimed by the husband, for (1) loss of wife's society and consortium and for (2) intense mental pain and anguish to him, are to be expunged from the petition. The civil law knows not of this type of claim. For (1) see Moulin v. Monteleone, 165 La. 169, 115 So. 447; for (2) see Alston v. Cooley, 5 La.App. 623, Kaufman v. Clark, 141 La. 316, 75 So. 65, L.R.A.1917E, 756.

■ Both motions for particulars are sustained, as the defendant is unable to prepare its answer under the bare allegations and the plaintiff has the ready and available information.

Judgment will be signed accordingly upon presentation.