BE-MAC TRANSPORT CO., Inc., et al. v. LAIRMORE.

No. 30162. Sept. 15, 1942.

*129 P. 2d 192.*

Hudson & Hudson, of Tulsa, for plaintiffs in error.

Hugh Ownby, C. A. Warren, and Ownby & Warren, all of Tulsa, for defendant in error.

GIBSON, J. This is a personal injury action arising out of a motor car collision. Judgment was for plaintiff, and defendants appeal.

Plaintiff was a member of the fire department of the city of Tulsa. The collision occurred at a street intersection between a fire truck operated by plaintiff and a truck owned and operated by the defendant Be-Mac Transport Company, Inc. The collision was alleged to have occurred as a result of the negligence of the defendant's driver in operating the truck at an excessive rate of speed and in not yielding the right of way to the fire truck at the intersection, all in violation of the city ordinances.

There was a charge of contributory negligence in operating the fire truck at an excessive rate of speed and in disregard of the safety of others.

The defendant American Fidelity & Casualty Company was joined in the action as insurance carrier of the transport company under a policy issued pursuant to 47 O. S. 1941 § 169, relating to public liability insurance for motor carriers.

Defendants' principal contention is that the joinder of the insurance carrier as a party defendant was improper since the transport company was engaged solely in interstate commerce, and that the trial court erred in denying the motion of the insurance carrier to dismiss for misjoinder, and in holding that it was a proper party.

In this connection it is urged that the right as recognized in this state under section 169, supra, to join the insurance carrier in a personal injury action is created by the statute and not by the insurance contract; that the Federal Motor Carrier Act, 49 U.S.C.A. 301 et seq., which does not permit joinder in such case, supersedes and renders inoperative said section 169 so far as it interferes with interstate commerce. And further, it is contended that, since the truck was actually engaged in interstate commerce at the time of the accident and was operating under a permit from the Interstate Commerce Commission, the Federal Act superseded the state statute with reference to control of the commerce then engaged in by the

transport company, and that the insurance contract here in question, executed pursuant to the state law, was inoperative, and any suit attempting to hold the insurer jointly liable with the motor carrier constituted an unreasonable and unauthorized interference with the regulations of interstate commerce as placed thereon by Congress, and, such joinder being unauthorized, the unwarranted disclosure of insurance to the jury in this case resulting from such joinder was prejudicial to the defendant transport company.

Ordinarily, in an action for personal injuries any unwarranted reference to defendant's liability insurance in the presence of the jury is improper and considered highly prejudicial to defendant's legal rights. Yoast v. Sims, 122 Okla. 200, 253 P. 504; Hankins v. Hall, 176 Okla. 79, 54 P. 2d 609. There may be considerable merit to the argument that the improper joinder of the insurance carrier in the ordinary case if brought to the attention of the jury would amount to an unwarranted reference to insurance, and that reversible error would result in event the parties were forced to trial over their objections. But we look upon the joinder in this case as proper, and as fully, authorized by the statute, section 169, supra. By reason of that section the defendant transportation company was required to, and did, furnish a policy of liability insurance for the protection of itself against claims of this character and for the benefit of parties receiving injuries as a result of its wrongful acts. Said section has been interpreted by this court as authorizing a joint action on the part of an injured party against the motor carrier and its insurer. American Fidelity & Casualty Co. v. Bennett, 182 Okla. 71, 76 P. 2d 245.

Defendants do not dispute the right to such joinder in the ordinary case against motor carrier, but say, as stated above, that the present action is not governed by the state statute, but controlled exclusively by the act of Congress aforesaid, and under the latter act the insurer cannot be joined with the motor carrier in an action for personal injuries. Grier v. Tri-State Transit Co., 36 Fed. Supp. (D.C.) 26.

It would seem that if the Federal Motor Carrier Act (1935) superseded section 169, supra, and now constitutes the exclusive legislation upon the matter of public liability insurance for motor carriers engaged in interstate commerce, then the policy posted with the Corporation Commission by the transport company was not required by law but was merely a personal contract for the protection of the motor carrier, and the insurer may not be joined unless the right to so join is expressly granted as a contractual privilege extended to a third party, and not as a statutory right granted by section 169.

Congress has power to regulate commerce among the several states (art. 1, sec. 8, U. S. Const.). Pursuant to that power `Congress has delegated to the Interstate Commerce Commission certain supervisory authority and regulatory powers over interstate motor carriers. 49 U.S.C.A. 301, et seq. Section 315 of the Code, supra, confers on the commission the power to make rules and regulations concerning the filing of bonds by the motor carriers and denies the carriers the right to operate without such bonds as will protect all persons and property against injury resulting from the negligent operation of motor vehicles.

But the power to regulate interstate commerce as delegated to Congress by the Constitution, supra, does not extend to every use to which an interstate carrier may employ the highways in the several states nor to every act done or committed by them in the course of their interstate transportation. And the Act of 1935 does not purport to deprive the states of their inherent right to regulate the use of their public highways in the interest of the public welfare. In McDonald v. Thompson, 305 U. S. 263, 83 L. Ed. 164, the court said that the act implies recognition of the power of the state to withhold or condition the use of its highways in the business of transportation for hire.

We fail to perceive any reason why the requirement of a bond or policy of insurance by the state for the protection of its citizens against the negligence of an interstate carrier would in any way conflict or interfere with, hamper, or impair the power of Congress to regulate commerce between the several states. But we are not called on here to express a definite opinion on that matter. It is not necessary to a decision in this case. Such statutes no more than incidentally involve interstate commerce where, as here, they bear a real and substantial relation to the public health and safety. Missouri, K. & T. Ry. Co. v. Williamson, 36 Fed. Supp. 607 (D. C. Okla.). The rule is there stated as follows:

"A state can in the exercise of its police power enact reasonable measures in the interest of health, safety, and welfare of its people, including employees of railroads, passengers on trains, and others, even though interstate commerce may be incidentally involved."

In the last-cited case appears the following statement:

"In respect to the regulatory power of the state and the occasions for its exercise, the general subject of commerce has been divided into three separate and distinct classes. They are those in which the power of the state is exclusive, those in which the state may act in the absence of legislation by Congress, and those in which the action of Congress is exclusive and therefore the state cannot act at all. Covington & Cincinnati Bridge Co. v. Kentucky, supra; Western Union Telegraph Co. v. James, 162 U. S. 650, 16 S. Ct. 934, 40 L. Ed. 1105; Southern Railway Co. v. Reid, 222 U. S. 424, 32 S. Ct. 140, 56 L. Ed. 257. The reasonable limitation of the length of trains in the interest of public safety falls within the second class. As to that class, the exercise of the paramount power of Congress is necessary to take from the state its subordinate power to legislate."

Defendants say that Congress has acted on the particular subject here involved by requiring liability insurance, and as a consequence the state statute no longer applies. Said statute may have been superseded so far as it applied to passengers or property moving in interstate commerce or even moving intrastate on an interstate carrier. But the statute has not been superseded insofar as it relates to persons other than passengers. In Continental Casualty Co. v. Shankel, 88 Fed. 2d 819, it was held that a state may not require a carrier to furnish liability insurance covering persons and property being transported in interstate commerce. But the rule does not apply to persons other than passengers. In Brashear Freight Lines Inc. v. Hughes, 26 Fed. Supp. (D.C. Ill.) 908, it was held as follows:

"Provisions of Illinois statute requiring motor carriers to file sworn statement of ability to pay damages resulting from accidents or bond guaranteeing payment of such damages and regulating hours of duty of operators have not been superseded by Federal Motor Carrier Act of 1935. Smith-Hurd Stats. Ill. c. 111 2/3, secs. 57-59a; Motor Carrier Act of 1935, 49 U.S.C.A. secs. 301-327.

"Provisions of Illinois statute requiring motor carriers to file sworn statement of ability to pay damages resulting from accidents or bond guaranteeing payment of such damages and regulating hours of duty of operators are fair and reasonable and enforcement thereof does not violate commerce, equal protection or due process clauses of Federal Constitution. Smith-Hurd Stat. Ill. c. 111 2/3, secs. 57-59a; U.S. C.A. Const. art. 1, sec. 8, cl. 3 and Amend. 14."

To the same effect is Lowe v. Stoutamire, 123 Fla. 135, 166 So. 310.

We see in the Act of 1935 nothing to indicate an intention or purpose to supersede or interfere with the power of the states to enact laws requiring insurance on the part of the interstate motor carriers to protect the people of the states. And we make no expression here as to whether an act of Congress attempting so to do would be valid as falling within its express constitutional powers.

Since the insurance policy was prop-

erly required by the Corporation Commission and duly filed pursuant to statute, joinder of the insurance carrier was also proper, and the trial court did not err in denying its motion to dismiss.

The joinder of the motor carrier and its insurer being proper in this case, the general rule against references to liability insurance does not apply.

Defendants rely on Grier v. Tri-State Transit Co., supra, as authority in support of their argument that the state statute was rendered inoperative by the act of Congress, and that the plaintiff's remedy is governed by the latter act, which does not permit joinder of the motor carrier and its insurer.

It is noted, however, that the injured party in that case was an interstate passenger on defendant's bus, and that the plaintiff attempted to join the insurance carrier as a party by virtue of its policy of insurance issued pursuant to the order of the Interstate Commerce Commission, and not by reason of any policy deposited with the state authorities. In the attempted joinder plaintiff relied on the direct action statute of the state. The court held that such statute did not apply. Whether the decision was right or wrong we do not attempt to say. The action was based on an obligation created by Federal law alone, and therefore the case is not in point here.

Defendants say the verdict of $10,000 was excessive.

The record shows that plaintiff had paid out approximately $1,200 for medical and hospital bills at the time of the trial; that he was 33 years of age, and had been in the employ of the fire department for ten years at a salary of $167.50 per month. There was conflicting testimony of experts as to the likely duration of his disability. There was ample evidence in this regard to clearly indicate that plaintiff would never again be physically fit, by reason of the injury, to resume his employment. In our opinion this evidence was sufficient to warrant the recovery fixed by the jury.

The judgment is affirmed.

WELCH, C. J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, V. C. J., and RILEY, J., absent.