### ACME FREIGHT LINES, Inc., et al. v. BLACKMON et al. (two cases).
### Nos. 10319, 10320.

Circuit Court of Appeals, Fifth Circuit.

Oct. 27, 1942.

Frank C. Tindall and Furman Smith, both of Atlanta, Ga., for appellants.

Frank C. Tindall, of Atlanta, Ga., for appellee Dixie-Ohio Express, Inc.

Edgar A. Neely and Harry L. Greene, both of Atlanta, Ga., for appellee Mrs. Glenn Estes Blackmon and another.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

E. H. Blackmon and his wife, Mrs. Glenn Estes Blackmon, brought separate actions to recover damages for injuries received by them when the automobile in which they were riding along a highway in Georgia collided with the rear end of a parked truck belonging to Acme Freight Lines, Inc. The two cases were tried to a jury together, and after verdict, judgments were entered in favor of the Blackmons. The defendants, Acme Freight Lines, Inc., and its insurer, American Fidelity & Casualty Company, have appealed.

Acme Freight Lines, Inc., was engaged in Georgia in both interstate and intrastate commerce, and had qualified as a common carrier for hire under the Georgia statute, Code of Georgia of 1933, § 68-612, as amended in 1937, and under the Federal Motor Carriers Act of 1935, Interstate Commerce Act, 49 U.S.C.A. § 301 et seq., and § 315. The particular truck involved in this accident was at the time engaged solely in interstate commerce.

Under Section 215 of the Federal Motor Carriers Act of 1935, 49 U.S.C.A. § 315, the carrier was required to file with the Interstate Commerce Commission a bond or policy of insurance "conditioned to pay * * * any final judgment, * * * against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles under such certificate or permit."

The Georgia statute, Georgia Code of 1933, § 68-612, as amended in 1937, provides that before a Georgia operation certificate may be issued or continued in force the motor carrier must file with the Georgia Public Service Commission a bond or policy of insurance "for the protection of the public against injuries proximately caused by the negligence of such motor carrier, its servants or agents." It is further provided that in the event of suit "it shall be permissible to join the motor carrier and the insurance carrier in the same action whether arising in tort or contract."

In compliance with the provisions of these statutes, Acme filed with the Inter-

state Commerce Commission and the Georgia Public Service Commission a policy of liability insurance issued by American Fidelity & Casualty Company. In accordance with the provisions of the Georgia statute, Mr. and Mrs. Blackmon joined Acme and its insurance carrier, American Fidelity & Casualty Company, as parties defendant to their suits. Motions of the defendants to dismiss the insurance company as a party defendant and to strike all reference to insurance were overruled by the court. Appellants contend that the rulings on these motions constituted error; that the applicable law of the case was the Federal Motor Carriers Act of 1935 which only required insurance conditioned to pay any final judgment recovered against the carrier; and that, since no final judgment had been obtained against the carrier, the suit against the insurer was premature and its joinder as party defendant error. It is strongly urged by appellants that the Federal Motor Carriers Act of 1935, having been enacted within the scope of the power of Congress to regulate interstate commerce, superseded the Georgia statute; and that as applied to the case at bar the provisions of Section 68-612 of the Georgia Code are wholly inapplicable.

■ It is true that where Congress undertakes to regulate and control interstate commerce its power is supreme, and State statutes or regulations to the contrary are of no force and effect. 15 C.J.S., Commerce, § 15, p. 273; Northern Pacific Railway Company v. Washington, 222 U.S. 370, 371, 32 S.Ct. 160, 56 L.Ed. 237. The Georgia statute, however, does not conflict with the congressional regulation of motor carriers engaged in interstate commerce, but is a reasonable and valid requirement imposed upon those who seek to do an intrastate motor carrier business in Georgia. Acme Freight Lines, Inc., was not content to do merely an interstate commerce business; it also chose to do an intrastate business in Georgia, and in order to secure a permit to do an intrastate business it had to comply with the Georgia law. Having qualified in accordance with the State statute, the provisions of Section 68-612 of the Georgia Code must be read into the policy filed with the Georgia Public Service Commission, Great American Indemnity Co. v. Vickers, 183 Ga. 233, 188 S.E. 24; and where, as here, persons are injured upon the highways of Georgia by the negligence of the carrier, they are properly entitled to rely upon the protection required by Georgia law, and this is true whether the particular vehicle was at the time of the accident engaged in interstate or intrastate commerce. Joinder of the insurance carrier as a party defendant was not error. Tucker v. Casualty Reciprocal Exchange, D.C., 40 F.Supp. 383; Be-Mac Transport Co. v. Lairmore, Oklahoma Sup., 129 P.2d 192, decided Sept. 15, 1942.

■ Appellants' second assignment of error is that the court erred in refusing to give a requested charge embodying the provisions of Section 68-303(d) of the Georgia Code which provides: "An operator of a vehicle overtaking another vehicle going in the same direction, and desiring to pass the same, shall pass to the left of the vehicle overtaken: Provided, that the way ahead is clear of approaching traffic, but if the way is not clear he shall not pass unless the width of the roadway is sufficient to allow his vehicle to pass to the right of the center thereof in the direction in which his vehicle is moving." Mr. Blackmon, who was driving the automobile, was not attempting to pass the parked truck. The evidence clearly shows that the accident occurred in the night time; that the Acme truck, which had been travelling in the same direction as the Blackmon car, had been negligently and in violation of law stopped on the paved portion of the highway. The stopping of the truck in the highway created a most dangerous situation, especially to traffic going in the same direction. Moreover, it was further shown that as the Blackmon automobile approached the parked truck the way ahead on the left side of the highway was not clear of approaching traffic, but that another truck travelling in the opposite direction was approaching and passing the Acme truck. The requested charge was not adjusted to the evidence and was inapplicable to the issues presented in this case. The court did not commit reversible error in refusing to give the requested charge. Mayor and Council of Madison v. Thomas, 130 Ga. 153, 160, 60 S.E. 461; Glawson v. State, 146 Ga. 38, 40, 90 S.E. 955; Perry v. State, 110 Ga. 234, 36 S.E. 781.

■ The third and final assignment of error relates to the court's refusal to declare a mistrial because counsel for plaintiffs had made a remark about the result of a case he was citing in the presence of the jury. The court carefully instructed

the jury to disregard what was said "and *not let it influence you in any way in your* deliberations or decision with respect to this case." Under the circumstances shown in this case it was not error to refuse to declare a mistrial.

The record contains no reversible error. The judgment is

Affirmed.