BOYLES v. FARMERS MUT. HAIL INS.
CO. OF IOWA et al., and five other cases.

Nos. 6196-a, 6197–6199, 6249, 6250.

District Court, D. Kansas, First Division.

July 15, 1948.

N. E. Snyder, of Kansas City, Kan., Henry M. Shughart, of Kansas City, Mo., for plaintiffs in Nos. 6196-a, 6197, 6198 and 6199.

James D. Howell, of Kansas City, Kan., and Homer A. Cope, of Kansas City, Mo., for plaintiffs in Nos. 6249 and 6250.

Harold E. Doherty and Raymond Briman (Doherty & Briman), both of Topeka, Kan., for defendants.

MELLOTT, District Judge.

In the six cases shown in the caption essentially the same question of law is

raised. The first four cases arise from an automobile and truck collision which occurred on March 12, 1946, near Sabetha, in Brown County, Kansas. The plaintiffs, other than Norman E. Boyles, were occupants of an automobile being driven by him and which it is alleged was struck by a tractor-trailer driven by defendant Ed Wassenberg, acting for himself and for and on behalf of the partnership.

The second group of cases result from an automobile and truck collision on U. S. Highway 40 and 24 near Tonganoxie, in Leavenworth County, Kansas, on December 9, 1946. The plaintiff, other than Archie Shaw, was an occupant of the automobile being driven by Shaw and which, it is alleged, collided with a tractor-trailer belonging to F. C. Musselman and operated by his agent Benny Leavitts.

In each of the several cases the amount of damages claimed by reason of the collision exceeds $3,000, and diversity of citizenship exists. The plaintiffs in the first four cases are residents of the State of Missouri and 'the insured owner of the tractor-trailer is a resident of Kansas. The plaintiffs in the second group are residents of Kansas. The Farmers Mutual Hail Insurance Company is a corporation incorporated under the laws of the State of Iowa. It is the sole defendant in the second group of cases, the insured owner of the tractor-trailer being a resident of Kansas but not named as a defendant in the action.

In the first group of cases special appearances and motions to quash the service of summons upon the defendant Farmers Mutual Hail Insurance Company were filed, and, following oral argument, submitted upon briefs. Separate answers have been filed in those cases on behalf of the other defendants. In the second group of cases motions to dismiss were filed, and, following oral argument, submitted to the court, with leave to the parties to file briefs.

In the Special Appearances and Motions to Quash in the first group of cases it is stated and not denied that the truck described in the complaints was in the process of hauling cattle from a point in Kansas to a point in Missouri; that the owners were the holders of a certificate or permit issued by the Interstate Commerce Commission under authority of the Federal Motor Carrier Act, Title 49 U.S.C.A. §§ 301–327; that they had complied with all of said sections; that the insurance policy referred to in the complaints had been filed in compliance with said act; and that a duplicate of said policy had been filed with the Kansas State Corporation Commission in compliance with the General Statutes of Kansas under the rules and regulations of the said Commission. In the Motions to Dismiss in the second group of cases it is alleged and not denied that at the time and place of the accident the defendants [insured truck owner (?)] were engaged in interstate commerce; that the policy attached to the amended complaints had been written in compliance with section 315 of the Federal Motor Carriers Act; that the act provides a copy shall be filed with the I.C.C.; that the defendant (?) driver and owner of the truck involved in the accident, as well as the plaintiffs, are all residents of Kansas, in which the accident occurred; that the statutes of Kansas provide action may be brought in the county where the accident occurred or where the plaintiff resides; and that no Federal question is "involved until such time as the plaintiffs obtain a judgment as provided by said policy." Copy of the policy in this group of cases had likewise been filed with the Kansas State Corporation Commission of Kansas under its rules and regulations.

Under Title 49 U.S.C.A. § 301 et seq. motor carriers engaged in interstate commerce are required to comply with the provisions of that act and with the rules and regulations of the Interstate Commerce Commission under it. Under Section 315, supra, such carriers are required to furnish

"* * * surety bonds, policies of insurance, qualifications as a self-insurer or other securities or agreements, in such reasonable amount as the Commission may require, conditioned to pay, within the amount of such surety bonds, policies of insurance, qualifications as a self-insurer or other securities or agreements, any final judgment recovered against such motor carrier for bodily injuries to or the death

of any person resulting from the negligent operation, maintenance, or use of motor vehicles under such certificate or permit, or for loss or damage to property of others. * * *"

Such policies of insurance were filed with the Interstate Commerce Commission in compliance with the act, the policies having been issued by the defendant Farmers Mutual Hail Insurance Company of Iowa.

Under G.S. 1935 Kansas, 66-1,128, public or private motor carriers of passengers or property are required to file with the Public Service. Commission of the State of Kansas:

"* * *, a liability insurance policy in some insurance company or association authorized to transact business in this state, in such reasonable sum as the commission may deem necessary to adequately protect the interests of the public with due regard to the number of persons and amount of property involved, which liability insurance shall bind the obligers thereunder to pay compensation for injuries to persons and loss of or damage to property resulting from the negligent operation of such carrier. * * *"

Pursuant to the above section duplicate copies of the policies which were filed with the Interstate Commerce Commission were filed with the Kansas State Corporation Commission.

Attached to the policy of insurance in the second group of cases are several "riders," one of which reads in part as follows:

"It is understood and agreed that the policy to which this endorsement is attached is written in pursuance of and such policy shall fulfill the insurance requirements of section 66-1,128, General Statutes of Kansas 1935, or as may be hereafter amended, and the rules and regulations of the State Corporation Commission adopted thereunder with respect to liability for injuries to persons (except employees of the assured injured in the course of their employment) and for damage to property (except cargo). The obligations and promises of this endorsement, however, shall be effective only while the equipment covered by this policy is being operated within the State of Kansas. * * *."

The contentions made by the Farmers Mutual Hail Insurance Company in each of the six cases is that at the time the vehicles covered by the policies were involved in the collisions they were engaged in interstate commerce. This fact, if it is a fact, might well have been established by affidavit as contemplated by Rule 6(d), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or by interrogatories, or requests for admissions as provided by other rules. However, since it does not seem to be seriously disputed by counsel for any of the plaintiffs it will be assumed for present purposes that the vehicles covered by the policies of insurance were engaged in interstate commerce at the time of the collisions.

The premise being assumed, the insurance company takes the view that its liability is limited by the Federal Motor Carrier Act and the terms and conditions incorporated within its policies at the time they were written in compliance with that act. Specifically, it argues in the first group of cases that it may not be joined in an action against the insured but may only be sued to pay the final judgments, if any, rendered against the motor carrier.

In the second group of cases the additional contention is made that inasmuch as the defendant driver and owner of the truck as well as the plaintiffs are all residents of the State of Kansas and inasmuch as the Statutes of Kansas provide the action may be brought in the county where the accident occurred or where the plaintiff resides and, since there is no Federal question involved until such time as the plaintiffs obtain a judgment as provided by the policy issued under the Federal Motor Carriers Act, the second group of cases should be dismissed for that reason.

The Supreme Court of Kansas has held, in Dunn v. Jones, 143 Kan. 218, 223, 53 P.2d 918, 921, that:

"* * *. The purpose of the insurance is adequate protection to members of the public from negligent conduct of the motor vehicle operator, not simply protection to the negligent operator against judgments rendered against him, and what the policy must assure is recoverable compensation

to a member of the public for injury to person and loss of, or injury to property."

In the same case it was held that although the policy filed be not in form and verbal content a liability policy, as required by the Kansas act, nevertheless it should be construed to be a liability policy inasmuch as

"* * *. It was filed to comply with a condition precedent to obtaining the benefit of the motor vehicle transportation act. It accomplished the purpose for which it was intended and was the means of securing those benefits. The law is read into it, and the policy has precisely the same effect as if it bore a rider, stating that the terms of the policy are to be construed as complying with the statute."

In the first group of cases it is asserted by the insurance company that since the Federal Motor Carrier Act does not permit nor provide for the joinder of insurance carriers in an action against the insured the service of summons as to it should be quashed. The basis of its argument is that the Congress, having undertaken to regulate and control interstate commerce by motor transportation, "its power is supreme and state statutes or regulations to the contrary are of no force and effect." The quoted statement is, of course, correct as an abstract principle, Northern Pacific R. Co. v. Washington, 222 U.S. 370, 32 S.Ct. 160, 56 L.Ed. 237, and if the plaintiffs were seeking to recover for injuries received as passengers of the vehicle moving in interstate commerce or for damage to property being moved by the carrier in the stream of interstate commerce, their remedy, it may be assumed, would need to be sought under the Federal Act and the policy written in compliance therewith. That was specifically recognized by the Circuit Court of Appeals for this (the Tenth) Circuit in Continental Casualty Co. v. Shankel, 88 F.2d 819, 823, cited by the insurance company, in which, however, the court affirmed a judgment in favor of an employee of the interstate carrier under a statute of Oklahoma similar to the Kansas statute. It was also recognized by the Circuit Court of Appeals for the Fifth Circuit in Acme Freight Lines, Inc., et al.

v. Blackmon, 131 F.2d 62, 64. In that case the court said:

"* * *, where, as here, persons are injured upon the highways of Georgia by the negligence of the carrier, they are properly entitled to rely upon the protection required by Georgia law, and this is true whether the particular vehicle was at the time of the accident engaged in interstate or intrastate commerce. * * *"

To the same effect, see also Gallahar v. George A. Rheman Co., D.C., 50 F.Supp. 655; and Rogers v. Atlantic Greyhound Corporation, D.C., 50 F.Supp. 662. In Grier v. Tri-state Transit Co., D.C., 36 F.Supp. 26, upon which the insurance company places some reliance, the court quite properly sustained a motion to dismiss an action by a passenger against an insurance carrier under the Federal act, without prejudice, subject to institution later, should a final judgment be rendered against the carrier.

The question need not be labored. The insurance required by the Kansas Act is not, in the judgment of this court, an unreasonable burden on interstate commerce when construed not to apply to passengers and freight moving in interstate commerce. Sprout v. South Bend, 277 U.S. 163, 48 S.Ct. 502, 72 L.Ed. 833, 62 A.L.R. 45; Continental Baking Co. v. Woodring, 286 U.S. 352, 52 S.Ct. 595, 76 L.Ed. 1155, 81 A.L.R. 1402; Flowers v. Fidelity & Casualty Co., 10 Cir., 156 F.2d 586; Dunn v. Jones, supra. The motions to quash service of summons in the first group of cases, therefore, should be denied.

Much that has been said is apposite in the second, as well as in the first, group of cases. The additional question arises in the second whether the actions may be maintained in this court against the insurance company alone.

That the insurance carrier may be joined in an action without impleading the insured is established by several Kansas cases, inter alia, Dunn v. Jones, supra; Meyer Sanitary Milk Co. v. Casualty Reciprocal Exchange, 145 Kan. 501, 66 P.2d 619; Farmer v. Central Mutual Ins. Co., 145 Kan. 951, 67 P.2d 511; State Highway Commission v. American Mutual Liability

710

Ins. Co., 146 Kan. 187, 70 P.2d 20; and Hudson v. Ketchum, 156 Kan. 332, 133 P.2d 171. See also Flowers v. Fidelity & Casualty Co. supra; and Graves v. National Mutual Casualty Co., 164 Kan. 267, 188 P.2d 945. It seems to be clear, therefore, that the cases in the second group should not be dismissed merely because the insured has not been made a party defendant. No separate briefs have been filed in these cases. The holding heretofore made disposes of the last ground mentioned in the motion, viz., that "no federal question [is] involved until such time as the plaintiffs obtain a judgment as provided by the policy," the court having held that the action is maintainable under the Kansas statute. The preceding ground, however, may appropriately be examined since the summons issued, with the returns thereon are by reference made a part of the motions. The ground referred to is:

"That the statutes of the State of Kansas provide that the action may be brought in the county where the accident occurred or where the plaintiff resides."

■ The statute obviously referred to is 40-218, R.S. Kan. 1935, which provides that every insurance company, on applying for authority to transact business in Kansas, is required to file in the insurance department its written consent, irrevocable, that actions may be commenced against it in "the proper court of any county in this state in which the cause of action shall arise or in which the plaintiff may reside by the service of process on the commissioner of insurance * * *." Service was made upon the defendant in these cases as required by the statute. Since the complaints allege that the plaintiffs are residents of Washington County and that the collision occurred in Leavenworth County, both of which are in the First Division of this court, Section 82, Judicial Code, as amended Title 28 U.S.C.A. § 157, it seems clear the cases were properly instituted in that division and that the summons in each case was properly served. No venue question, such as was present in Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, and Suttle v. Reich Bros. Const. Co., 333 U.S. 163, 68 S.Ct. 587, is raised or required to be decided. The Motions to Dismiss in the second group of cases should be denied.

Orders are being entered in each of the several cases denying the motions to which reference has been made and the defendant is being granted twenty days to answer.