### DREXLER v. AMERICAN FIDELITY & CAS. CO. et al.
### Civ. No. 3981.

United States District Court
W. D. Louisiana, Shreveport Division.
Sept. 29, 1953.

Harry H. Lipsig, New York City, Booth, Lockard & Jack, Shreveport, La., for plaintiff.

Jackson, Mayer & Kennedy, Shreveport, La., for defendant.

DAWKINS, JR., District Judge.

Plaintiff here claims damages of $156,787.24, said to have resulted from the death of her husband, Louis A. Drexler, following a vehicular collision on September 23, 1952.

Her complaint describes the collision, between her husband's automobile and a transport truck, as having occurred on Louisiana Highway 20, near the village of Powhattan, in Natchitoches Parish. She alleges the accident resulted solely and proximately from negligence committed by Harvey S. Bell, who was driving the truck as an agent of his employer, Texas and Pacific Transport Company, hereinafter called T. & P.

Impleaded as defendants, under the Diversity Statute, are Bell, T. & P. and the latter's liability insurer, American Fidelity & Casualty Company[1], hereinafter called Insurer.

All defendants have moved to dismiss the complaint as to Insurer on the ground that T. & P. is an interstate common carrier, subject to regulation by the Interstate Commerce Commission under the Federal Motor Carriers Act of 1935[2]; and that under the terms of Section 215 of the Act[3] the Insurer may be sued only after plaintiff has obtained " * * * final judgment * * * " " * * * against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles under such certificate or permit". They urge, accordingly, that Insurer is " * * * not subject to the statutes of the State of Louisiana providing for direct actions against insurance companies * * * ."[4]

No proof beyond bare allegation, by affidavit or otherwise, has been offered to show that T. & P. is an interstate carrier, or that the load in the truck when the accident occurred was partly or wholly an interstate shipment. Plaintiff, in opposition, has filed certified copies of several certificates of "Public Convenience and Necessity" issued to

---

1. Plaintiff is a citizen of New York, Bell of Louisiana, T. & P. of Delaware, and Insurer of Virginia.

2. 49 U.S.C.A. § 301 et seq.

3. 49 U.S.C.A. § 315.

4. Act 55 of 1930, as amended; LSA–R.S. 23:655 et seq.

T. & P. by the Louisiana Public Service Commission, one of which (Order No. 1641, Case No. 2417) apparently covers the particular route being followed by T. & P.'s truck at the time of the accident.

While the court knows of its own knowledge that T. & P. is an interstate carrier, plaintiff's exhibits show prima facie that it also engages extensively in intrastate operations in this state. Further, an uncontroverted letter from the Casualty & Surety Division of the Louisiana Insurance Rating Commission, filed by plaintiff, discloses that Insurer covered T. & P. against liability for bodily injuries arising from operation of its vehicles in Louisiana.[5]

Defendants have filed no brief, but have relied orally upon an earlier decision by the late Judge Porterie of this court, Grier v. Tri-State Transit Co., D.C.1940, 36 F.Supp. 26. In that case a passenger sued a bus company and its liability insurer[6] for injuries sustained in an accident. The insurer was dismissed from the suit on the same grounds urged here, namely, that Section 215 of the Motor Carriers Act was exclusively applicable and that the Louisiana Direct Action Statute could not be involved. The opinion does not disclose, however, whether the bus company also did an intrastate business.

We think a later decision by the Fifth Circuit Court of Appeals, Acme Freight Lines, Inc. v. Blackmon, 1942, 131 F.2d 62, 64, is controlling. There personal injury suits were brought in the U. S. District Court for the Northern District of Georgia against a truck common carrier and its insurer under a Georgia statute authorizing suit against both. Defendants moved to dismiss as to the insurer, citing the above provisions of the Federal Motor Carriers Act. In affirming action by the District Court

overruling the motion, the Court of Appeals held:

"It is true that where Congress undertakes to regulate and control interstate commerce its power is supreme, and State statutes or regulations. to the contrary are of no force and effect. 15 C.J.S., Commerce, § 15, p. 273; Northern Pacific Railway Co. v. Washington, 222 U.S. 370, 371, 32 S.Ct. 160, 56 L.Ed. 237. The Georgia statute, however, does not conflict with the congressional regulation of motor carriers engaged in interstate commerce, *but is a reasonable and valid requirement imposed upon those who seek to do an intrastate motor carrier business in Georgia*. Acme Freight Lines, Inc., was not content to do merely an interstate commerce business; it also chose to do an intrastate business in Georgia, and in order to secure a permit to do an intrastate business it had to comply with the Georgia law. Having qualified in accordance with the State statute, the provisions of Section 68–612 of the Georgia Code must be read into the policy filed with the Georgia Public Service Commission, Great American Indemnity Co. v. Vickers, 183 Ga. 233, 188 S.E. 24; and where, as here, persons are injured upon the highways of Georgia by the negligence of the carrier, they are properly entitled to rely upon the protection required by Georgia law, *and this is true whether the particular vehicle was at the time of the accident engaged in interstate or intrastate commerce*. Joinder of the insurance carrier as a party defendant was not error. Tucker v. Casualty Reciprocal Exchange, D.C., 40 F.Supp. 383; Be-Mac Transport Co. v. Larimore, Okl. Sup., 129 P.2d 192, decided Sept. 15, 1942." Emphasis supplied.

5. An endorsement attached to the policy reads: "It is fully understood and agreed that coverage provided by this policy is limited to automobiles operated by the Texas & Pacific Motor Transport Company, et al., in the State of Louisiana."

6. The same insurer as here.

See also Gallahar v. George A. Rheman Co., U.S.D.C.Ga., 1943, 50 F.Supp. 655 (and cases cited therein); Boyles v. Farmers Mutual Hail Ins. Co., U.S.D.C.Kan., 1948, 78 F. Supp. 706.

On the basis of that jurisprudence, defendants' motion to dismiss Insurer from this suit must be, and it is hereby, Overruled.