Alma HATRIDGE, Plaintiff,

v.

SEABOARD SURETY, an Insurance Company, Defendant.

No. 76–187–C.

United States District Court, E. D. Oklahoma.

Sept. 15, 1976.

Warren Gotcher, McAlester, Okl., for plaintiff.

Donald C. Church, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

In this action Plaintiff seeks to recover upon a bond Defendant executed pursuant to § 215 of the Interstate Commerce Act, 49 U.S.C. § 315. Plaintiff received personal injuries in an accident with the principal of Defendant. Plaintiff brought action in an Oklahoma District Court and a judgment in Plaintiff's favor against the Defendant and others was rendered. In this action Plaintiff alleges that Defendant executed a bond in compliance with 49 U.S.C. § 315; that such bond was in full force and effect at the time of the accident and judgment; that Plaintiff has made due and proper demand upon Defendant to pay judgment; and that Plaintiff has not received payment.

Defendant has filed a Motion to Dismiss. In support of its Motion Defendant contends that the action should be dismissed because the Complaint fails to state a claim against the Defendant upon which relief can be granted; that the Summons and purported service thereof should be quashed on the grounds that the service is improper and there is a defect of parties in that the Defendant is not correctly named in the caption and all of the Defendants were not named in the Complaint; and that the action should be dismissed on the grounds that this Court lacks jurisdiction. Upon due consideration, the Court finds and concludes that, for the following reasons, Defendant's Motion to Dismiss should be overruled.

Defendant's contention that this action should be dismissed on the ground that the Complaint fails to state a claim upon which relief can be granted is without merit. In considering such a Motion to Dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the allegations in the Complaint must be taken as true. *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Dewell v. Lawson,* 489 F.2d 877 (Tenth Cir. 1974). The Complaint is construed favorably to the Plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). And a Complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Cruz v. Beto, supra; Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Hudson v. Harris,* 478 F.2d 244 (Tenth Cir. 1973). In applying the above standard to the instant case, the Court concludes that Plaintiff has stated a claim upon which relief may be granted in its action to recover on a liability bond.

Defendant's contention that the Court should quash the Summons and service thereof on the grounds that the service is improper because the caption is in error as to the name of the Defendant does not constitute grounds for dismissal. Rule 15(c), Federal Rules of Civil Procedure, permits such errors to be corrected by the use of amendments to the pleadings and such error may be corrected at the pretrial conference.

Defendant's further contention that this action should be dismissed on the grounds that this Court lacks jurisdiction over the subject matter is without merit. Pursuant to 28 U.S.C. § 1352, this Court shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States. The bond involved in this action was executed by Defendant in compliance with the requirements of 49 U.S.C. § 315 and therefore is a bond executed under a law of the United States. The present suit is an action on the bond. For cases indicat-

ing that there can be an action based upon the bond required by 49 U.S.C. § 315 see *Drexler v. American Fidelity & Cas. Co.,* 115 F.Supp. 752 (W.D.La.1953; *Boyles v. Farmers Mut. Hail Ins. Co. of Iowa,* 78 F.Supp. 706 (D.Kan.1948). Accordingly, the Court concludes that it does have jurisdiction pursuant to 28 U.S.C. § 1352.

 Rule 8(a)(1), Federal Rules of Civil Procedure, provides that a pleading shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it. In the instant case, Plaintiff's Complaint is deficient as to the jurisdictional statement. However, under 28 U.S.C. § 1653 defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts. If facts giving the Court jurisdiction are set forth in the Complaint, the provision conferring jurisdiction need not be specifically pleaded. *Blue v. Craig,* 505 F.2d 830 (Fourth Cir. 1974); *Williams v. United States,* 405 F.2d 951 (Ninth Cir. 1969). The fact that Plaintiff failed to properly plead jurisdiction will not deprive the Court of such jurisdiction if the defect can be later remedied. *Kipbea Baking Co. v. Strauss,* 218 F.Supp. 696 (E.D. N.Y.1963); *Walters v. Boyd,* 187 F.Supp. 479 (S.D.Tex.1960). This can be done at the forthcoming Pretrial Conference.

In view of the foregoing Defendant's Motion to Dismiss should be overruled. Defendant will answer within twenty (20) days.

It is so ordered this 15th day of September, 1976.