**Dorothy Williams BROWN, Executrix of the Estate of Wilmore Malone, Jr., Deceased, Plaintiff,**

v.

**TRANSIT HOMES, INC., et al., Defendants.**

**No. Civ 80–1009–R.**

United States District Court, W. D. Oklahoma.

March 2, 1982.

John M. Merritt, Michael T. Rooney and Robert R. Buck, Buck, Merritt & Hoyt, Oklahoma City, Okl., for plaintiff.

William S. Hall, Tulsa, Okl., Alex Cheek, Noma D. Gurich, Cheek, Cheek & Cheek, Oklahoma City, Okl., for defendants Transit Homes, Inc. and Robert McCann.

Alex Cheek, Noma D. Gurich, Cheek, Cheek & Cheek, Oklahoma City, Okl., Patricia Kay Dube, Ross, Greggs & Harrison, Houston, Tex., for defendant Bankers and Shippers Ins. Co. of New York.

Kent Fleming, Huckaby, Fleming & Frailey, Oklahoma City, Okl., for defendant Riffe Petroleum Co.

---

## ORDER

DAVID L. RUSSELL, District Judge.

This is an action to recover damages for the wrongful death of Plaintiff's decedent, Wilmore Malone, Jr. Defendant Bankers and Shippers Insurance Company (hereinafter Bankers and Shippers) has filed a Motion to Dismiss alleging that Plaintiff has failed to state a claim against Bankers and Shippers upon which relief can be granted.

Defendant McCann was operating a motor vehicle in interstate commerce at the time of the accident out of which this suit arises. Defendant Bankers and Shippers, insurer of Defendant Transit Homes, Inc. which was the lessor of the motor vehicle, had posted a liability insurance policy and bond with the United States Interstate Commerce Commission. The motor vehicle was operating pursuant to I.C.C. Permit No. MC94350. Defendant Bankers and Shippers also had posted a policy of liability insurance with the Oklahoma Corporation Commission so that Transit Homes, Inc. could do intrastate business in the State of Oklahoma.

Defendant contends that it is improperly joined in the instant action for the reason that Oklahoma's direct action statute, 47 O.S. § 169, is inapplicable where the defendant is an interstate carrier. Defendant submits that the Oklahoma act is superseded by 49 U.S.C. § 10927, Revised Interstate Commerce Act of 1978, which states:

(a)(1) The Interstate Commerce Commission may issue a certificate or permit to a motor carrier under section 10922 or 10923 of this title only if the carrier files with the commission a bond, approved by the Commission, in an amount not less than such amount as the Secretary of Transportation prescribes pursuant to, or as is required by, the provisions of section 30 the Motor Carrier Act of 1980. The security must be sufficient to pay, not more than the amount of the security, for each *final judgment* against the carrier for bodily injury to, or death of, an individual resulting from the negligent operation, maintenance or use of motor vehicles under the certificate or permit, or for loss or damage to property (except property referred to in paragraph (3) of this subsection), or both. A certificate or permit remains in effect only as long as the carrier satisfies the requirements of this paragraph. (emphasis added)

Because defendant is an interstate carrier, it is argued, a final judgment must be rendered before an insurer's liability is determined and that therefore direct action against the insurer is prohibited.

In support of this contention, defendant relies on *Grier v. Tri-State Transit Company*, 36 F.Supp. 26 (W.D.La.1940) which held that an insurer could not be joined as a party defendant in an action by a bus passenger and her husband against the bus company, an interstate motor carrier. This case construed the predecessor statute to 49 U.S.C. § 10927, 49 U.S.C. § 315, which is substantively identical.

However, the determining factor in the applicability of federal or state law in the case at bar is not defendant's interstate activity alone, but also defendant's intrastate activity and the expectations and status of the plaintiff as a traveler. In *Grier*, the plaintiff, a citizen of Oregon, was a passenger on an interstate carrier traveling from Louisiana to Mississippi. The court held that her remedy against the carrier was controlled by the federal statute.

In *Acme Freight Lines v. Blackmon*, 131 F.2d 62 (5th Cir. 1942), the plaintiffs were injured when their automobile struck defendant's truck parked on a Georgia highway. Defendant was involved in both interstate commerce and intrastate commerce in Georgia. At the time of the accident, the defendant was engaged in interstate commerce. The court in *Acme* held that joinder of the insurance company as a party defendant under the Georgia Code was not error.

It is true that where Congress undertakes to regulate and control interstate commerce its power is supreme, and State statutes or regulations to the contrary are of no force and effect. (Citations

omitted). The Georgia statute, however, does not conflict with the congressional regulation of motor carriers engaged in interstate commerce, but is a reasonable and valid requirement imposed upon those who seek to do an intrastate motor carrier business in Georgia.... where, as here, persons are injured upon the highways of Georgia by the negligence of the carrier, they are properly entitled to rely upon the protection required by Georgia law, and this is true whether the particular vehicle was at the time of the accident engaged in interstate or intrastate commerce. 131 F.2d 63, at 64.

See *Drexler v. American Fidelity and Cas. Co., et al.*, 115 F.Supp. 752 (W.D.La. 1953); *Gallaher v. George A. Rehman Co. Inc.*, 50 F.Supp. 655, 660–661 (S.D.Ga.1943) and *Rogers v. Atlantic Greyhound Corporation, et al.*, 50 F.Supp. 662 (S.D.Ga.1943).

*Grier* is not in conflict with the reasoning of these cases, but is distinguished in each on the basis of the status of the *Grier* plaintiff as a passenger on a licensed interstate carrier. In *Boyles v. Farmers Mutual Hail Insurance Co.*, 78 F.Supp. 706 (D.Kans. 1948), a court of this circuit reached the same conclusion, distinguishing *Grier* on that basis.

In view of the foregoing, defendant's motion is therefore denied.