**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DIXIE ALETA HAMLIN,

      Plaintiff - Appellee,

v.

R.S.J. TRANSPORTATION
COMPANY, INC., a foreign
corporation; TEDDY L. GLAHA; and
CONTINENTAL WESTERN
INSURANCE COMPANY, a foreign
insurer,

      Defendants - Appellants.

No. 02-5023
(D.C. No.00-CV-484-B)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HOLLOWAY** and **McKAY**, Circuit
Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The case is therefore ordered submitted without oral argument.

This action arose from a collision involving Plaintiff's vehicle and a truck owned and operated by a trucking company. Plaintiff filed an action against the truck driver, the trucking company, and its insurance company, alleging negligence. Plaintiff's action was tried before a jury, which returned a verdict in favor of Plaintiff, awarding her $180,000. The district court entered judgment accordingly.

On appeal, Appellants claim that the trial court violated Oklahoma law by allowing evidence and argument to be presented to the jury regarding the existence of liability insurance.[1] Because Appellant failed to preserve this issue for appeal, our review is for plain error.

In Blanke v. Alexander, 152 F.3d 1224, 1228, 1230 (10th Cir. 1998), we held that "joinder of the motor carrier and its insurer being proper in this case, the general rule against references to liability insurance does not apply." Id. at 1230 (quoting Be-Mac Transport. Co. v. Lairmore, 129 P.2d 192, 194, 196 (1942)). "[P]recedent of prior panels which this court must follow includes not only the

---

[1]"It is not disputed in this action that Continental Western was properly named as a party in this suit." Aplt. Br. at 5. See also Okla. Stat. tit. 47, § 230.30; Jacobsen v. Howard, 23 P.23 185, 187 (Okla. 1933), Enders v. Longmire, 67 P.2d 12 (Okla. 1937). "It is beyond dispute that Oklahoma substantive law holds that a joint action may be maintained against a tortfeasor motor carrier and its insurer." Id.

very narrow holdings of those prior cases, but also the reasoning underlying those holdings, particularly when such reasoning articulates a point of law." United States v. Meyers, 200 F.3d 715, 720 (10th Cir. 2000) (citation omitted). Otherwise, "this panel cannot overturn the decision of another panel of this court." Id. (citation omitted). In light of Blanke, we cannot find plain error. We need not certify the question because of our decision in Blanke.

AFFIRMED. Appellants' Motion to Certify Question of State Law is DENIED.

Entered for the Court


Monroe G. McKay
Circuit Judge