## STERN v. BEER.
### No. 11541.

United States Court of Appeals
Sixth Circuit.

Dec. 19, 1952.

Daniel G. Shea, Detroit, Mich., Harry E. Warning, Detroit, Mich., on brief, for appellant.

William P. Long, Detroit, Mich., for appellee.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

The original complaint, filed in the District Court on August 9, 1951, seeking damages for alleged slander, stated that the plaintiff, Arthur J. Beer, was a resident of Warren, Michigan, and that the defendant, Alfred Stern, was a resident of Detroit, Michigan, and that the amount in controversy exceeded the sum of $3,000 exclusive of interest and costs. The defendant was personally served with the complaint and summons at Detroit, and thereupon moved to dismiss the complaint and quash service of the summons for lack of jurisdiction of the subject matter and lack of jurisdiction over the person.

The District Judge agreed with the defendant's contention that the requisite diversity of citizenship was not shown by the complaint which alleged residence of the parties instead of their citizenship. Upon statement by plaintiff's counsel to the Court that the plaintiff was a citizen of Michigan, and that the defendant was a citizen of New York at the time the action was commenced, the Court granted leave to amend the complaint so as to allege such facts. On September 12, 1951, an order of amendment to the complaint was filed and served on counsel for defendant. This order recited the improper pleading with respect to the diversity of citizenship of the parties and directed that the complaint be amended so as to show

that the plaintiff was at all times mentioned a citizen of Michigan, and that the defendant was a citizen of New York. The defendant thereupon moved to dismiss the complaint, the amended complaint, the order of September 12, 1951, and to quash service of summons, contending among other things that neither the original complaint nor the order amending the complaint showed the requisite diversity of citizenship, in that they did not state that the defendant was a citizen of New York at the time of the filing of the complaint, and that there was a failure by the plaintiff to serve a copy of the order amending the complaint upon the defendant personally.

The Court denied the motions by order of September 24, 1951, and, on October 15, 1951, entered an order permitting the plaintiff to again amend his complaint so as to show that both, as of the date of the filing of the original complaint and thereafter, the plaintiff was a citizen of Michigan and the defendant was a citizen of New York. The plaintiff filed such an amended complaint, and on October 17, 1951, counsel for defendant received a copy of the order of amendment and a copy of the amended complaint.

On October 26, 1951, the defendant, appearing especially by counsel, moved to set aside and dismiss the amended complaint on the ground that the Court lacked jurisdiction over the person of the defendant and that there was insufficiency of service of process. On December 21, 1951, the Court entered an order in which the Court found that it did not lack jurisdiction over the person of the defendant, that there was a sufficiency of service of process, and ordered that the motion be denied. The defendant has appealed from that order.

■ We are of the opinion that the amendments were properly allowed and that the complaint and amended complaint should not have been dismissed. Section 1653, Title 28, U.S.Code, enacted June 25, 1948, provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This appears to be a codification of the existing practice, previously authorized by Section 399, Title 28, U.S.Code, and approved by the U. S. Supreme Court. Realty Holding Company v. Donaldson, 268 U.S. 398, 45 S.Ct. 521, 69 L.Ed. 1014; Smith v. McCullough, 270 U.S. 456, 460, 46 S.Ct. 338, 70 L.Ed. 682; Norton v. Larney, 266 U.S. 511, 515–516, 45 S.Ct. 145, 69 L.Ed. 413. See also Keene Lumber Co. v. Leventhal, 1 Cir., 165 F.2d 815; Van Sant v. American Express Co., 3 Cir., 169 F.2d 355, 371. The rule has been recognized and applied by this Court. Columbian National Life Ins. Company v. Harrison, 6 Cir., 12 F.2d 986, 988; Maichok v. Bertha-Consumers Co., 6 Cir., 25 F.2d 257.

■ Appellant contends that the complaint should have been dismissed without prejudice on account of lack of jurisdiction, and that a new action could then have been filed, under which a service of process on the defendant personally would have been again required. Under the foregoing authorities, we are of the opinion that, if jurisdiction actually existed from the facts at the time when the complaint was filed, even though not properly pleaded, the proper construction of Section 1653, Title 28, U.S.Code, is that the formal defect in the pleadings did not deprive the Court of jurisdiction at the time when the action was filed, if such defect was later corrected. In addition, this Court held in Maichok v. Bertha-Consumers Co., supra, that if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later.

■ Appellant also contends that the action should have been dismissed because it was the duty of the appellee to have supported the jurisdictional averments by competent proof, which he failed to do, citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, at page 189, 56 S.Ct. 780, 80 L.Ed. 1135, and Schuckman v. Rubenstein, 6 Cir., 164 F.2d 952, at page 955. Such is the rule if the jurisdictional allegations are challenged by an appropriate pleading on the part of the defendant, as was the situation in both of those

cases, or if they are questioned by the Court. Unless they are so challenged, the jurisdictional question is determined by the allegations. See KVOS, Inc., v. Associated Press, 299 U.S. 269, 277–278, 57 S.Ct. 197, 81 L.Ed. 183. It is still open to appellant to challenge the jurisdictional facts by an appropriate pleading and to have a hearing on the issue thus made, but his present motion to dismiss, without putting the allegations in issue, is not such a challenge. McEldowney v. Card, C.C., 193 F. 475, 483–485, writ of error dismissed pursuant to stipulation of counsel, 6 Cir., 213 F. 1020.

Judgment affirmed.