Louise Bittings WALTERS et al.,
Plaintiffs,

v.

Kenneth H. BOYD et al., Defendants.

Civ. A. No. 12360.

United States District Court
S. D. Texas,
Houston Division.

Oct. 4, 1960.

Blades, Crain, Slator & Winters, Houston, Tex. (James C. Winters, Houston, Tex.), for plaintiffs.

Wm. N. Bonner, Houston, Tex., for defendant Sidney Blackmer.

INGRAHAM, District Judge.

Plaintiffs bring suit under the Securities Act of 1933 (15 U.S.C.A. § 77a et seq.) for the recovery of consideration paid for securities of Mortgage Corporation of America, the suit naming as defendants, Kenneth H. Boyd, Donald E. Walsh and Sidney Blackmer. Defendants Boyd and Walsh, both residents of Texas, have answered. Blackmer, who resides without the State of Texas, has been served by process in New York, pursuant to plaintiffs' motion under 15 U.S.C.A. § 77v(a).

Defendant Blackmer filed on April 23, 1959, a motion to question the jurisdiction of the court, being entitled "Special Appearance of Wm. N. Bonner (Blackmer's attorney) to Question Jurisdiction of the Court". Defendant did not place this motion on the motion docket until August 15, 1960 (same now being styled "Motion to Quash Process"). Due to this fifteen months' lapse of time, plaintiffs urge that the motion be considered abandoned under Rule 25(e), Local Rules for the United States District Court for the Southern District of Texas. Plaintiffs' objection is not well taken for Rule 25(e) by its terms is inapplicable to motions " * * * which dispute ·the jurisdiction of the court * * * ." Also the court may proceed in its discretion under Rule 25(f). Hence, Blackmer's motion questioning the personal jurisdiction of the court over him is now properly before this court.

Quoting from 15 U.S.C.A. § 77v(a):

" * * * such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or *in the district where the offer or sale took place,* if the defendant participated therein, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found." (Emphasis supplied.)

No documents submitted by plaintiffs show that Blackmer was ever a resident of the Southern District of Texas, or has ever transacted any business therein. Plaintiffs' second amended original complaint alleges at pp. 1–2 thereof " * * * the offer and/or the sale * * * took place * * * in Houston, Texas, same being within the territorial limits of the United States District Court for the Southern District of Texas." No such allegation is found in plaintiffs' first amended original complaint. There has been no service of the second amended original complaint on defendant Blackmer himself, but his attorney has been served with this pleading. The first amended original complaint was served on Blackmer personally in New York.

Defendant Blackmer argues that due to lack of personal service of the second amended original complaint, the court may examine only the allegations of the first amended original complaint to test personal jurisdiction. The court is unable to agree that its examination of the jurisdictional question is so restricted for two reasons. First, Fed. Rules Civ.Proc. 5(b), 28 U.S.C.A., is applicable. It provides in pertinent part, "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court." The court required no such personal service on Blackmer of the second amended original complaint. Rule 5(b) has been complied with by virtue of plaintiffs' mailing a copy of the second amended original complaint to the attorney who entered the special appearance for defendant Blackmer. Plaintiffs lay much stress on Fed. Rule Civ.Proc. 5(a) in this connection

too. Inasmuch as it has been held, supra, that defendant Blackmer was not in default under Local Rule 25(e), Fed. Rule Civ.Proc. 5(a), which deals with service on defaulting parties, is not applicable.

■ Support for the propriety of the court's examining the second amended original complaint to decide personal jurisdiction is also found in 28 U.S.C.A. § 1653. It provides, "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Although formerly such jurisdictional amendments were permitted only to show diversity of citizenship (see former 28 U.S.C.A. § 399 (1940)), Section 1653 "* * * broadens the statutory authorization to permit amendment of all jurisdictional allegations * *". 3 Moore's Federal Practice 838 (2d Ed. 1948). Where, factually, jurisdiction exists at the time the complaint is filed, the fact alone that jurisdiction was not properly pleaded will not deprive the court of jurisdiction as of the time the suit was filed, if such defect be later remedied by amendment. International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 1941, 121 F.2d 561.

The case of Stern v. Beer, 6 Cir., 1952, 200 F.2d 794, is precisely in point. Plaintiff's original complaint did not show the requisite diversity of citizenship. Defendant was personally served with this defective complaint. Plaintiff's complaint was then amended to allege diversity and this amended pleading was served upon defendant's counsel. Defendant thereupon moved to quash service of process; he objected especially to the "* * * failure by the plaintiff to serve a copy of the order amending the complaint upon the defendant personally." 200 F.2d 794, at page 795. The trial court overruled defendant's motion, and it was upheld on appeal on the authority of 28 U.S.C.A. § 1653. A cogent analysis of Section 1653 may be found in 200 F.2d 794, at page 795. Defendant Blackmer's contention that plaintiffs were bound to serve personally the second amended original complaint in the case at bar is clearly negated by the Stern case. Stern v. Beer is cited with approval by our own Court of Appeals in Kaufman v. Western Union Telegraph Company, 5 Cir., 1955, 224 F.2d 723, 725.

We come then to a consideration of the jurisdictional allegations of plaintiffs' second amended original complaint insofar as they relate to defendant Blackmer. First, the sale of these securities is alleged to have been within the Southern District of Texas (pp. 1–2). Second, at pp. 2–3 of this pleading is found a copy of a letter of December 12, 1955, written by Blackmer to plaintiff Lassiter, being mailed from New York to North Carolina. Blackmer writes to tell "of a business deal" (p. 2); the financial activities and aspirations of defendants Boyd and Walsh in connection with Mortgage Corporation of America are detailed (pp. 2–3). Lassiter is urged "to look into this deal." (p. 3). Third, Boyd and Walsh were the officers and principal stockholders of the corporation. Blackmer was allegedly "under control of defendants Boyd and Walsh" and the letter supposedly was written by Blackmer "with knowledge of defendants Boyd and Walsh or at least acquiescing in said writing * * *" (p. 5). Finally, the court is informed that as consideration for his efforts in the sales to plaintiffs, Blackmer received 4210 shares gratuitously and was allowed to purchase 2860 shares at a reduced price (p. 5, p. 10).

■ 15 U.S.C.A. § 77v(a) declares, "* * * suit or action may be brought * * * in the district where the offer or sale took place, *if the defendant participated therein * * *"*. (Emphasis supplied.) Service of process may then be had wherever defendant may be found. 15 U.S.C.A. § 77v(a). Since plaintiffs' jurisdictional allegations are not challenged by an appropriate pleading, the jurisdictional question must be determined by these allegations. Stern v. Beer, supra; KVOS, Inc. v. Associated Press, 1936, 299 U.S. 269, 277–278, 57 S.Ct. 197, 81 L.Ed. 183. Defendant

Blackmer may, of course, challenge these jurisdictional facts by an appropriate pleading and have a hearing then. It has been observed, supra, that plaintiffs' second amended original complaint alleges a sale in the Southern District of Texas. To justify service of Blackmer in New York under 15 U.S.C.A. § 77v(a), he must have "participated therein" within the meaning of that section. We turn then to examine the authorities interpreting the words of the statute.

■■ Movant maintains he could not have "participated" in the sale for he has never even been in Texas, alleged situs of the sale. His view is that the statutory language requires physical presence and activity within the state of sale at the time of the relevant transactions. Moore v. Gorman, D.C.S.D.N.Y. 1948, 75 F.Supp. 453, rejects this proposition. Pennsylvania defendants in that case were the sellers of the stock; the sale took place in New York without defendants' presence there. The court declares in 75 F.Supp. at page 458, "They (defendants-owners) 'participated' in the sale within this district * * * notwithstanding the fact that they were not physically present in this district when it took place." Persons in control of the seller may be participants in the sale even though never present personally within the district of sale. Rosenberg v. Globe Aircraft Corporation, D.C.E.D. Pa.1948, 80 F.Supp. 123. In Wall v. Wagner, D.C.Neb.1954, 125 F.Supp. 854, affirmed sub nom. Whittaker v. Wall, 8 Cir., 1955, 226 F.2d 868, defendants of Kansas were found to have participated in a sale in Nebraska though never present there. It should be noted that in these cases defendants occupied the position of seller of the stock or controlled the seller. Agents of the defendants performed selling tasks in the place of sale. In the case at bar movant was neither seller nor in control of the seller. Nevertheless, it is believed the cases cited, supra, suffice to compel rejection of defendant's arguments about presence and activities in Texas. The cases would seem to be more than applications of traditional agency concepts.

■ Defendant Blackmer questions also the sufficiency of the quantity of participation alleged on his part. He says simply that the acts charged to him do not tie him to the sales to plaintiffs made by defendants Walsh and Boyd. He argues in his brief to support this motion as follows: (1) the letter of December 1955 to plaintiff Lassiter was merely a pleasant exchange between friends (p. 3); (2) his cut-rate purchase of stock is not sinister in itself (p. 4); (3) he is not shown to have been present at the sales sessions held between Boyd, Walsh and plaintiffs in Florida and New York (p. 5); and (4) he was without knowledge generally of the activities of Boyd and Walsh (p. 7). The court is however of the opinion that the following allegations in plaintiffs' second amended original complaint are sufficient to justify a finding that Blackmer "participated" in this sale within the meaning of 15 U.S.C.A. § 77v(a): (1) the solicitous character of the letter of December 12, 1955 (pp. 2–3); (2) letter was circulated to other plaintiffs (p. 4); (3) Blackmer was "under control" of other defendants (p. 5); (4) Blackmer wrote the letter with either knowledge or acquiescence of other defendants (p. 5); and (5) gift of some stock to movant and sale at reduced prices of other shares to him (p. 10). It is true that the pertinent cases involved somewhat more clear-cut activities on the part of "participants" than those alleged against Blackmer. Yet it is felt that the rationale of those holdings supports our conclusion here. The cases of Schillner v. H. Vaughan Clarke & Co., 2 Cir., 1943, 134 F.2d 875, and Miller v. Hano, D.C. 1947, 8 F.R.D. 67, are also helpful in this dispute about "participation". As previously suggested, defendant Blackmer may challenge plaintiffs' jurisdictional allegations by appropriate pleading, if he disputes them.

Inasmuch as plaintiffs allege a sale in the Southern District of Texas and defendant Blackmer is found to have "par-

ticipated therein", service was properly made upon him in New York. 15 U.S.C.A. § 77v(a) permits such service. Defendant Blackmer's motion to quash service of process will be denied.

The clerk will notify counsel to draft and submit appropriate order.