Frank H. GOFORTH, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, Defendant.

Civ. No. 2103.

United States District Court
W. D. North Carolina,
Asheville Division.

Argued Dec. 10, 1962.

Decided Jan. 22, 1963.

Harold K. Bennett, Asheville, N. C., for plaintiff.

Harry DuMont, Asheville, N. C., for defendant.

CRAVEN, Chief Judge.

Defendant corporation (petitioner) failed to set forth its principal place of business in its petition to remove this case from state to federal court. Did the petition, nevertheless, sufficiently comply with the removal statutes so as to confer jurisdiction upon this court? If not, can jurisdiction be now acquired by allowing an amendment to cure the defect?

Jurisdiction of this court, if it exists at all, rests upon diversity of citizenship and the minimum statutory amount in controversy. Within apt time defendant filed in this court a petition for removal of the cause from the state court. Thereafter, plaintiff filed a motion to remand and defendant moved the court for permission to amend its removal petition to disclose principal place of business of defendant to be located in Illinois.

In the original petition for removal, defendant alleged:

"(T)he defendant, your petitioner, is a corporation duly organized and existing under and by virtue of the laws of the State of Illinois, and is a foreign corporation and a non-resident of the State of North Carolina, and that the plaintiff, Frank H. Goforth, is a citizen and resident of the State of North Carolina, and the above-entitled action involves a controversy which is wholly between citizens of different states * * *."

The defect of the foregoing language is that it omits disclosure of defendant's principal place of business—which omission defendant seeks to cure by amendment. Plaintiff argues that the amendment should not be allowed for the reason that the twenty-day removal period allowed by 28 U.S.C.A. § 1446(b) had expired prior to the date on which the motion to amend was filed. Plaintiff's argument is that the failure to allege principal place of business is a failure to state the "facts" required by 28 U.S.C.A. § 1446(a); that it is the fact statement itself (and not the truth of the matter) which vests jurisdiction in the federal court and removes the case from the jurisdiction of the state court; that without such a fact statement, there was really no valid removal petition; that the amended petition would be the first proper one, and since not filed within the twenty-day period, cannot be allowed.

Plaintiff's position finds support in the following district court opinions: Browne v. Hartford Fire Insurance Co., 168 F.Supp. 796 (D.C., 1959); Roseberry v. Fredell, 174 F.Supp. 937 (D.C., 1959); Franks v. City of Okemah, Oklahoma, 175 F.Supp. 193 (D.C., 1959); Washington-East Washington Joint Authority v. Roberts & Schaefer Co., 180 F.Supp. 15 (D.C., 1960); Adams v. Ralph L. Smith Lumber Co., 181 F.Supp. 729 (D.C., 1960); F. & L. Drug Corp. v. American Central Insurance Co., 200 F. Supp. 718 (D.C., 1961). Each of the foregoing cases resulted in a non-appeal-

able decision to remand to the state court. 28 U.S.C.A. § 1447(d).

The problem arises out of the amendment to Title 28 U.S.C.A. Sec. 1332(c) (1958) wherein it is provided that:

> "For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

For purposes of federal jurisdiction, corporations are accorded dual citizenship, i. e., the state of incorporation *and* the state of principal place of business. The possibility that the principal place of business of this foreign corporation may be in North Carolina must be negated. But, the ultimate "fact" of federal jurisdiction remains the same: that plaintiff and defendant be citizens of different states. Defendant has said in the original removal petition that they are. If that be true, it necessarily follows that defendant does *not* have its principal place of business in North Carolina. Nothing is contained in sec. 1441 or 1446 or in § 1332 of Title 28 that specifically requires disclosure in the petition for removal of the principal place of business. Jurisdiction ought to depend more upon the truth of defendant's allegation of diversity than upon defendant's choice of verbiage to allege it. Plaintiff has not suggested that the allegation of diversity is false—but only that it is defective.

■ The court is of the opinion that it has jurisdiction of this case because the ultimate "fact"—citizenship in different states—was stated in the original removal petition, and is not challenged as false.

In Bernstein v. Columbia Broadcasting System, Inc., 291 F.2d 8 (7th Cir., 1961), the court was considering an analogous problem. The allegation was that plaintiff was a "resident" of Michigan, coupled with the averment that defendants were corporations organized under the laws of states other than the State of Michigan. The Court of Appeals for the 7th Circuit held that such averments constituted an attempt, albeit a defective one, to assert a basis for diversity jurisdiction. The court quoted 28 U.S.C.A. § 1653 and held that the "defective" allegation was subject to amendment, citing Stern v. Beer, (6 Cir., 1952), 200 F.2d 794, 795; Van Sant v. American Express Co., 3 Cir., 169 F.2d 355, 371; Keene Lumber Co. v. Leventhal (1 Cir., 1948) 165 F.2d 815, 818.

In Firemen's Insurance Co. of Newark, N. J. v. Robbins Coal Co., 288 F.2d 349 (5 Cir., 1961), the Court of Appeals for the 5th Circuit dealt with the identical jurisdictional problem that confronts the court in this case, i. e., the failure to allege principal place of business. Chief Judge Tuttle writing for the court said:

> "This Court has held that a defective allegation of diversity jurisdiction in a suit originally filed in a federal district court can be amended in the Court of Appeals. Kaufman v. Western Union Telegraph Co., 5 Cir., 224 F.2d 723. * * *

> "Moreover, we think this same right should obtain with respect to a petition for removal. See Park v. Hopkins, D.C.S.D.Ind., 179 F.Supp. 671. The general allegation in the original petition for removal in this case, 'that the controversy in said case is entirely between citizens of different states,' although conclusionary in nature and *possibly* (italics added) not sufficient if not amended, is sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment. See Kinney v. Columbia Savings & Loan Ass'n, supra. [191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103]."

If it be assumed, contrary to the foregoing analysis, that the court did not acquire jurisdiction because the "facts" were not sufficiently stated to comply with 28 U.S.C.A. § 1446(a), there arises the question of whether that which never existed (jurisdiction) can now be acquired long after the twenty-day removal

period by permitting an amendment to cure the fatally defective allegation of diversity.

Absent Congressional enactment, logic would seem to indicate a negative answer, but 28 U.S.C.A. § 1653 reads as follows: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This statute applies to motions to amend petitions for removal in order to cure defective jurisdictional allegations. McGuigan v. Roberts, 170 F.Supp. 372 (D.C., 1959); Firemen's Insurance Co. of Newark, N. J. v. Robbins Coal Co., supra; Hernandez v. Watson Brothers Transportation Co. (D.C., Colo.1958), 165 F.Supp. 720; Park v. Hopkins (D.C., Ind.1960), 179 F. Supp. 671.

If we construe this statute to mean only that non-fatal defective allegations may be cured by amendment we rob it of purpose. By hypothesis it is not necessary to cure non-fatal defects. Congress either meant more or it meant nothing. The former alternative is the more reasonable statutory construction.

 The other statutes pertinent to this problem, sec. 1332 and 1446 of Title 28, must be reconciled with this one. Reading them together, and giving to each one as much latitude as permitted by the others, they must be taken to mean that if petitioner, within the twenty-day period, states enough facts to give notice of his intention to remove—however inartfully and incompletely—then the court is empowered to permit amendments at any time and to determine whether the jurisdictional facts exist. If they do, the court has jurisdiction.

Whether the court has jurisdiction from the beginning or whether its jurisdiction is acquired after the amendments are allowed and relates back to the time of filing a copy of the petition in the *state* court (28 U.S.C.A. § 1446(e)), or whether a hiatus has occurred, can better be answered by a philosopher than by a judge. *But see:* Rule 15(c).

In Weber v. Wittmer Co. (D.C., W.D. N.Y.1935), 12 F.Supp. 884, a motion to amend a petition for removal to show diversity of citizenship was granted where the original petition contained *no* allegation of diversity. See also: Kaufman v. Western Union Telegraph Co. (5 Cir., 1955), 224 F.2d 723; Chicago Stadium Corp. v. State of Indiana (7 Cir., 1955), 220 F.2d 797; Stern v. Beer (6 Cir., 1952), 200 F.2d 794.

The motion of defendant to amend the removal petition is allowed. The motion of plaintiff to remand is denied. Counsel may present an appropriate order.