875 F.2d 861
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas M. BATCHELOR; William Felt; Seymour Gilman; Carmen
R. Keathley; Harry E. O'Hara; Rudi Scheidt; Howard
Sowell, individually, and all other former shareholders of
First American Bank, similarly situated; Jimmy Payne,
Plaintiffs-Appellants,
v.
HAMILTON BANCSHARES, INCORPORATED, a Tennessee Corporation;
T. Wendell Holliday, Defendants,
J.E. Whitaker; John Vorder Bruegge; W. Max Finley; John
L. Hutcheson, Jr.; H. Clay E. Johnson; W. Hanes Lancaster,
Jr.; W.D. Moon, Jr.; Z. Carter Patten; J. Polk Smartt;
Blackwell Smith, Jr.; Richard C. Thatcher, Jr., Directors
of Hamilton Bancshares, Incorporated; N. Roundtree Youmans;
Phillip S. Barrett; Thomas R. Preston, III; Blair A.
Weigel, Executor of the Estate of W. Roy Meyers, Deceased,
Former Directors of Hamilton Bancshares, Incorporated;
David D. Hamilton; E. Carmack Cochran, Defendants-Appellees.
 No. 88-5592.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges and JOHN D. HOLSCHUH,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs Thomas M. Batchelor, William Felt, Seymour Gilman, Carmen R. Keathley, Harry E. O'Hara, Rudi Scheidt, Howard Sowell and Jimmy Payne appeal the district court's order granting defendants' motions to dismiss. We affirm the judgment of the district court.
 
 
 2
 In November 1975, the plaintiffs, former shareholders of First American Bank, filed their original complaint against defendants, alleging various violations of the securities laws arising from the June 1974 acquisition of First American Bank by Hamilton Bancshares, Inc. Named in the original complaint were Bancshares, its then current directors (J.E. Whitaker, J. Vorder Bruegge, T.W. Holliday, W.M. Finley, J.L. Hutcheson, Jr., H.C.E. Johnson, W.H. Lancaster, Jr., W.D. Moon, Jr., Z.C. Patten, J.P. Smartt, B. Smith, Jr., and R.C. Thatcher, Jr.) and its former directors (N.R. Youmans, P.S. Barrett, T.R. Preston, D.B. Harris, Jr., and W.R. Meyers). Plaintiffs attempted service of process on all the defendants by delivering summonses and complaints to Holliday, Bancshares' president. Holliday was not empowered to accept process for anyone except Bancshares and himself; service of process was therefore insufficient for all other defendants. On February 10, 1976, the district court entered a consent order dismissing the claims against all named defendants, except Bancshares, Hamilton and Youmans, for insufficient service of process. The court dismissed the action against Youmans on the following day, again for insufficient service of process.
 
 
 3
 On February 20, 1976, Bancshares filed a bankruptcy petition. The plaintiffs in this case never filed a claim against the bankruptcy estate.
 
 
 4
 On February 23, 1976, summonses were issued for all of the dismissed defendants except Meyers, Preston and Patten. Summonses were also issued for defendants E.C. Cochran and David Hamilton, who had been Bancshares directors at the time of the acquisition, but whom plaintiffs failed to name in their complaint. Prior to serving these summonses, however, the plaintiffs failed to file a complaint to replace the previous one dismissed by the February 10th order.
 
 
 5
 In April 1976, the plaintiffs were enjoined by the bankruptcy court from prosecuting this suit against either Bancshares or its directors. The injunction remained in force until January 1980, and the plaintiffs' original attorneys made no attempts to have it lifted, even though the bankruptcy court gave them the opportunity to show that the injunction should not apply to the suit against the individual directors.
 
 
 6
 The original counsel of the plaintiffs filed a motion in April 1977 to withdraw from the lawsuit because of a conflict of interest. The court allowed the original counsel to withdraw effective November 1977 but extended the effective date until May 1978 because of plaintiffs' difficulty in obtaining replacement counsel. The plaintiffs' new counsel immediately attempted to have the bankruptcy injunction lifted with respect to the action against the individual defendants. The injunction was modified in January 1980 to permit plaintiffs to proceed against the individual defendants in this suit.
 
 
 7
 In May 1980, plaintiffs moved for leave to file an amended complaint, which added David Hamilton and the estate of E.C. Cochran as defendants. The district court granted this motion. In June 1980, plaintiffs caused defendants Meyers, Finley, Barrett, Patten and Preston to be re-served process because these defendants had never been re-served following the February 10th order of dismissal.
 
 
 8
 During the course of the lawsuit, several defendants, including Bancshares, Vorder Bruegge, Moon, Youmans, Meyers and Preston filed answers. The other defendants never formally answered but instead moved to dismiss because of the insufficiency of service of process or on jurisdictional grounds. A number of defendants, including Whitaker, Cochran, Hutcheson and Patten, passed away during the pendency of the suit.
 
 
 9
 In May 1985, the district court entered an order dismissing all of the defendants except Bancshares and Holliday. In March 1988, the district court entered a consent order dismissing the complaint against Holliday and also granted summary judgment to plaintiffs against Bancshares. Plaintiffs now appeal the order dismissing defendants Whitaker, Vorder Bruegge, Finley, Hutcheson, Johnson, Lancaster, Moon, Patten, Smartt, Thatcher, Youmans, Barrett, Preston, Meyers, Hamilton and Cochran.
 
 
 10
 On appeal, the plaintiffs initially argue that the district court erred in May 1985 by declining to modify its February 1976 orders of dismissal to orders quashing service of process. Plaintiffs contend that dismissal of their complaint for ineffective service of process was inappropriate, given the reasonable expectation that the defendants could be properly re-served. Stern v. Beer, 200 F.2d 794, 795 (6th Cir.1952). According to plaintiffs, the district court would, moreover, have been well within its authority to modify its February 1976 orders, which were interlocutory. See Fed.R.Civ.P. 54(b). We do not agree with the plaintiffs' argument. In this case the plaintiffs, unlike the plaintiff in Stern, consented to the February 1976 dismissal of their claims due to insufficiency of process. The plaintiffs also failed, as the district court noted, to pursue other avenues of relief available to them following the dismissal of their claims in 1976. The district court found that any modification in 1985 of its 1976 orders would be inappropriate and inequitable to the defendants. Given the long passage of time in which the plaintiffs failed to challenge the 1976 orders, we cannot disagree with the district court's refusal to modify its 1976 orders.
 
 
 11
 More specifically, we affirm the district court's 1985 order granting the motions of defendants Hamilton and Cochran to dismiss on the ground that the applicable statutes of limitations had run. Hamilton and Cochran were named as defendants in the plaintiffs' amended complaint, which was filed on May 27, 1980, and these two defendants filed their motions to dismiss on August 29, 1980. The plaintiffs, however, must have discovered the facts constituting the defendants' alleged violations of the securities laws by November 1975, when plaintiffs filed their original complaint. Under the applicable statutes of limitations (15 U.S.C. Sec. 77(m); Tenn. Code Ann. Sec. 48-2-122(h)), the actions against Hamilton and Cochran were clearly time barred when the amended complaint was filed in May 1980. Given the failure of the plaintiffs to attempt to obtain relief from the overbroad bankruptcy court's injunction, despite having the opportunity to do so, we decline to overturn the district court's ruling that the injunction did not toll the running of the applicable statutes of limitations. Because Hamilton and Cochran asserted their defenses in a timely fashion by filing motions to dismiss in August 1980, we find no reason to reverse the district court's order dismissing the action against these two defendants.
 
 
 12
 We also affirm the district court's order dismissing the other individual defendants. According to Rule 3 of the Federal Rules of Civil Procedure, a civil action is commenced by filing a complaint with the court. It is undisputed that the plaintiffs in this case failed to file a complaint against these defendants following the dismissal of the original complaint by the February 1976 order. Given that an action may be subject to dismissal if a complaint is not filed, the district court did not err in granting the defendants' motions to dismiss. Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984). Compare Schlesinger v. Councilman, 420 U.S. 738 (1975) in which petitioners objected to the failure of respondent to file a complaint only after the district court had issued a permanent injunction; the Supreme Court stated that the defect in the manner in which the action was instituted and processed did not prevent the entry of a valid judgment.
 
 
 13
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation