**1 FOOT 2 FOOT CENTRE FOR FOOT AND ANKLE CARE, P.C., Plaintiff,**

v.

**DAVLONG BUSINESS SOLUTIONS, LLC, Defendant.**

**Civil Action No. 2:09cv233.**

United States District Court,
E.D. Virginia,
Norfolk Division.

July 2, 2009.

James R. Theuer, Esquire, Norfolk, VA, for Plaintiff.

Brian G. Muse, Esquire, LeClair Ryan, PC, Williamsburg, VA, Charles M. Sims, Esquire, LeClair Ryan PC, Richmond, VA, for Defendant.

## MEMORANDUM ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on plaintiff's motion to remand, filed on June 1, 2009, and defendant's motion to compel arbitration and stay court action, filed on May 19, 2009. For the reasons set forth below, the court **DENIES** plaintiff's motion to remand. The court currently **TAKES UNDER ADVISEMENT** defendant's motion to compel arbitration, pending the submissions required herein. The court **DENIES** defendant's motion to stay this court action pending binding arbitration.

### I. Factual and Procedural History

On March 11, 2009, plaintiff, 1 Foot 2 Foot Centre for Foot and Ankle Care, P.C. ("Foot"), a Virginia professional corporation, filed a complaint in the Circuit Court for the City of Suffolk against DavLong Business Solutions, LLC ("DavLong"), a Georgia limited liability company, alleging various claims arising out of a contract for software and technology support services between the parties. Foot sought $99,999.00 in damages in its state court claim.

Foot's claims against DavLong, arise out of a contract for the purchase of a computer software system called Medinformatics, which is designed to manage medical office records. Foot alleges that, after it purchased Medinformatics from DavLong, numerous software errors and problems occurred. Foot alleges further that DavLong was not available for technical assistance as was required of it under the contract. This lack of technical support forced Foot to seek assistance from a third party at additional expense.

On May 19, 2009, DavLong filed a notice of removal in this court claiming that federal jurisdiction was proper under 28 U.S.C. § 1332. DavLong contends that the requirements of 28 U.S.C. § 1332 are satisfied because the amount in controversy exceeds the $75,000.00 statutory minimum, and the parties are completely diverse. On the same day its notice of removal was filed, DavLong also filed a motion to compel arbitration and stay court action. In response on June 1, 2009, Foot filed a motion to remand alleging improper removal. As both motions have been fully briefed, this matter is now ripe for review.

### II. Analysis

#### A. Foot's Motion to Remand

In its motion to remand, Foot contends that this court lacks subject matter jurisdiction for two reasons: (1) the initial notice of removal was improper; and (2) DavLong is in default in state court. First, Foot argues that the original notice of removal was improper because DavLong failed to allege the citizenship of each of its members. Foot additionally alleges that, because DavLong did not file an answer to the complaint in state court within the twenty-one (21) day time period, required by Virginia law, it is "in default" and barred from removing this case to federal court.

Federal courts have diversity jurisdiction when "the ultimate 'fact' [of] citizenship in different states—was stated in the original removal petition, and is not challenged as false." *Goforth v. Allstate Insur. Co.*, 213 F.Supp. 595, 597 (W.D.N.C. 1963). Foot has not alleged that there is a lack of complete diversity between the parties. DavLong showed sufficient facts to establish diversity jurisdiction in its notice of removal. DavLong is a Georgia limited liability company with a primary place of business in Savannah, Georgia, while Foot

is a Virginia professional corporation located in Suffolk, Virginia. As the parties are diverse, and because Foot is seeking damages above the $75,000.00 statutory minimum for diversity jurisdiction, the requirements of 28 U.S.C. § 1332 are met.

In its motion to remand, Foot suggests that since DavLong is a limited liability company, removal is only proper if it alleges the citizenship of its members as being different than plaintiff's citizenship. DavLong's motion for leave to amend its notice of removal, filed on June 8, 2008, indicates that DavLong's members are citizens of Georgia, Alabama, and Texas. (Def's. Mot. to Amend at 1.) DavLong has provided sufficient information to suggest that the two parties are indeed completely diverse. Moreover, Foot has not alleged that complete diversity does not exist, but simply that the notice of removal was defective. "Jurisdiction ought to depend more upon the truth of defendant's allegation of diversity than upon defendant's choice of verbiage to allege it." *Goforth*, 213 F.Supp. at 597 (further noting that, as here, plaintiff did not suggest that the allegation of diversity was false, only that it was defective). Since DavLong has alleged diversity jurisdiction, and since such complete diversity does in fact exist, its motion to amend the notice of removal is **MOOT.**

Next, Foot erroneously contends that because DavLong is in default in state court, jurisdiction in federal court is improper. This argument fails for two reasons. First, no judgment was ever entered against DavLong in state court.[1] A defendant in default in state court is not prevented from removing to federal court, when it would be proper otherwise. *Hawes v. Cart Prods., Inc.*, 386 F.Supp.2d 681, 686 (D.S.C.2005) (recognizing that a party in default in state court may remove

to federal court). Second, DavLong filed a responsive pleading contemporaneously with its notice of removal. Federal Rule of Civil Procedure 81 provides, in pertinent part:

> After removal, ... [a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
>
> (A) 20 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
>
> (B) 20 days after being served with the summons for an initial pleading on file at the time of service; or
>
> (C) 5 days after the notice of removal is filed.

Fed. R. Civ. Pro. 81(c)(2). DavLong submitted its motion to compel arbitration on the same day that it filed its notice of removal. Courts have "traditionally entertained certain types of pre-answer motions—such as a motion to compel arbitration" as a sufficient responsive pleading despite its absence from Federal Rule of Civil Procedure 12(b), which concerns responsive pleadings. *Creative Tile Mktg., Inc. v. SICIS Int'l, S.r.L*, 922 F.Supp. 1534, 1537 n. 1 (S.D.Fla., 1996); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1360 (recognizing that a motion to stay pending arbitration has been treated as a responsive pleading and can be brought under the scope of Fed.R.Civ.P. 12(b)). Accordingly, DavLong's responsive pleading was timely. Not only was DavLong's initial notice of removal sufficient to establish federal diversity jurisdiction, its default status in state court does not affect these proceedings. For these reasons, Foot's motion to remand is **DENIED.**

---

1. No default judgment was ever entered against DavLong, because Foot never filed a motion for default judgment. (Def.'s Opp'n to Pl.'s Mot. to Remand 6.)

## B. DavLong's Motion to Compel Arbitration and Stay Court Proceedings

In support of its motion to compel arbitration, DavLong submitted copies of two documents concerning the Medinformatics software purchase: (1) the purchase agreement; and (2) the software maintenance agreement. (*See* Def.'s Ex. 1, 2.) Both agreements are signed by representatives of Foot and DavLong, and every page of each agreement is initialed by the Foot representative. Both agreements provide that "[a]ny controversy or claim arising out of or related to this Agreement or the breach thereof shall be settled by binding arbitration in Atlanta, Georgia in accordance with the Commercial Arbitration Rules of the American Arbitration Association." (Def.'s Ex. 1 at 6; Def.'s Ex. 2 at ¶ 9.)

Foot alleges that there are two problems with these documents: one of the pages of the purchase contract "has been visibly altered";[2] and neither the purchase agreement nor the software maintenance agreement have been authenticated. (Pl.'s Opp'n at 1.) Foot contends that "unauthenticated, visibly incomplete documents cannot support a motion to compel arbitration," but cites nothing in support. (*Id.* at 2.)[3]

At the outset, the court notes that neither of the two places in the purchase agreement that Foot claims have been "visibly altered" bear at all on the binding arbitration clause. More notably, Foot does not dispute that both agreements contain an otherwise enforceable arbitration clause, nor that its representative signed the contracts and initialed every page of each document. The court **ORDERS** that Foot show cause, within seven (7) days of the date of this order, that the arbitration clause in both the purchase agreement and the software maintenance agreement, does not clearly direct this dispute to arbitration. Absent such a showing, this matter will be dismissed without prejudice to so arbitrate this dispute.

With respect to the portion of DavLong's motion seeking a stay of the proceedings pending the outcome of arbitration, such request is **DENIED.** The purpose of *binding* arbitration is to completely settle matters between parties. *See, e.g., Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.,* 252 F.3d 707, 709–10 (4th Cir.2001) (explaining that "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitable," and further noting the "liberal federal policy favoring arbitration agreements" as a means of settling disputes) (citation omitted). Were the court to allow the parties to submit their dispute to arbitration, then reinitiate the claim in this court, a party dissatisfied with the outcome of the arbitration proceedings would be afforded another opportunity to litigate, thereby rendering the term *binding* arbitration meaningless, and the process of arbitration duplicative and an additional expense of litigation as opposed to a means of reducing the costs of finalizing disputes. The court will not countenance such an approach, which is

---

**2.** This alleged alteration has nothing whatsoever to do with the arbitration clauses at issue, and appears to be an unintended "blur" resulting from the photocopying process.

**3.** Indeed, Foot's allegations that a page of one contract has been altered and that the contracts are not authentic appear to be frivolous and/or irrelevant. *See supra* note 2; *infra* at

**757.** Foot does not contest that the two agreements contain an enforceable binding arbitration clause, or that Foot's representative signed the contracts and initialed every page of each document. *See infra* at 757. Should Foot wish to persist in these arguments, it must present proper evidence or affidavits in support, within seven (7) days of the date of this order.

tantamount to allowing "two bites at the apple."

### III. Conclusion

For the reasons set forth above, the plaintiff's motion to remand is **DENIED** and the defendant's motion to compel arbitration is **TAKEN UNDER ADVISEMENT,** pending any submissions of additional information as set forth herein. If no such submissions are made, the court will dismiss the action without prejudice to arbitrate this dispute. The motion to stay this action pending arbitration is **DENIED,** for the reasons set forth above.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for both parties.

**IT IS SO ORDERED.**